Jeremiah Thomas, #pro se
United States Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

United States District Court for
the Eastern District of Louisiana

---

Jeremiah Thomas
    Defendant

vs.

United States of America

Docket No. 06-269 "I" (4)

Motion to
Reduce Sentence
18. U.S.C. Section 3582 (c)

FILED AUG 2 - 2013
WILLIAM W. BLEVINS
CLERK

### Relief Sought

The defendant, Jeremiah Thomas, moves the Court pursuant to 18 U.S.C. Section 3582(c) to reduce the sentence previously imposed on him from 300 months of imprisonment to a sentence of the statutory minimum of 240 months.

### Grounds for Reduction

1. Defendant was convicted for violating Count one (1): Conspiracy to possess with the intent to distribute 50 grams or more of cocaine base ("crack") and a quantity of cocaine hydrochloride all in violation of Title 21, United States Code, Section 846. Count two (2) conspiracy to use and carry firearms and possess firearms in furtherance of a drug trafficking crime all in violation of Title 18, United States Code, Section 924(o). Count 25 possession with the intent to distribute a quantity of cocaine base ("crack") in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)

TENDERED FOR FILING
AUG - 2 2013
U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

1

(1)(CC) and Title 18, United States Code, Section 2. County Twenty-six (26) Possession of firearms In furtherance of a drug trafficking crime all In violation of Title 18, United States Code, Section 924 (c)(1)(A) and Title 18, United States Code Section 2. Count twenty-seven (27) Convicted felon In possession of a firearm all In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 2.

2. This court sentenced defendant to concurrent mandatory minimum of 240 months under counts 1, 2, 25, 27, — and specifically count 26 where defendant recieve 60 months under Section 924 (c)(1)(A) which was ran consecutive to all the other counts. Defendant request that his sentence be reduced In that he should not be sentenced to both 60 months mandatory minimum sentence under 18 U.S.C.S. Section 924(c)(1)(A), and 240 months mandatory minimum sentence under Title 21, United States Code, Section 846 because he was exempted from Section 924(c)(1)(A) which forbades the Imposition of it's mandatory minimum sentenced when defendant was already subjected to another greater mandatory minimum sentence under any other provision of law.

3. Defendant request a reduction in his sentence In light of the <u>United States Courts of Appeals for the Second and Sixth Circuits (Second Circuit)</u> holding in <u>United States v. Whitley</u>, 529 F.3d 150 (2d cir. 2008) decision that the except clause of Section 924(c)(1)(A) exempted a criminal defendant from the mandatory minimum if he was subjected to another greater mandatory minimum sentence. And also the (Sixth Circuit) In light of <u>United States v. Almany</u>, 2010 U.S. App. 00166P

2

Lexis 5030, 598 F.3d 238 (6th Cir. 2010) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. Section 924(c)(1)(A) ("Firearm Statute"); and having assets that were subject to forfeiture. The District Court sentenced Almany to mandatory minimum of ten years under the drug statute and five years under the firearm statute, with the terms of imprisonment to run {598 F.3d 240} consecutively.

4. The greater mandatory minimum sentences in the case at bar are the concurrently ran sentences of: Conspiracy to possess with the intent to distribute 50 grams or more of cocaine base (crack) and a quantity of cocaine hydrochloride Count 1. Conspiracy to use and carry firearms and possess firearms in furtherance of a drug trafficking crime Count 2. Possession with the intent to distribute a quanity of cocaine base (crack) Count 25. Convicted felon in possession of a firearm count 27. The consecutive mandatory minimum is possession of firearms in furtherance of a drug trafficking crime count 26. The Second Circuits holding that the "except" clause of the firearm statute exempts a criminal defendant from the mandatory minimum if the defendant is subject to another, greater mandatory minimum sentence clearly applies to the case at bar, therefore the defendant should not be sentenced to, both a consecutive 60 months mandatory minimum sentence under the firearm statute, and a concurrent 240 months mandatory minimum sentence under the greater mandatory minimum sentence under conspiracy to possess with the intent to distribute 50 grams or more of cocaine base (crack) and quanity of cocaine hydrochloride under the drug statute. Therefore defendant should be resentenced as he remains subject to the

3

mandatory minimum under the Titles and Sections of 21 U.S.C. Section 846, Title 18 U.S.C. Section 924(o), Title 21 sections 841(a)(1) and 841(b)(1)(c) and Title 18 Section 2, Title 18 sections 922(g)(1), 924(a)(2) and 2.

5. Finally 18 U.S.C. Section 3582(c) authorizes a reduction in sentence when the sentencing range for an offense is subsequently reduced by the sentencing Commission, therefore in light of United States v. Whitley, 529 F3d 150 (2d cir. 2008) and also United States v. Almany, 2010 U.S. App. 00166 LEXIS 5030, 598 F3d 238 (6th cir. 2010) defendant, Thomas, should recieve a reduction in sentence of 60 months.

6. Further the defendant was sentenced under the old crack sentencing law which is now deemed unconstitutional; under the Equal Protection Clause and to avoid this unconstitutionality, the defendant would request that his sentence be modified pursuant to the U.S. Sentencing Guidelines which now makes him eligible for a sentence reduction under the Fair Sentenceing Act (FSA). 18 U.S.C. Section 3582(c)(2) gives this court authority to reduce a sentence when the defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the sentencing Commission. A reduction has been made in the ratio between the amounts of powder cocaine and crack which moved from a 100-to-1 ratio to drop to the ratio of 18-to-1, therefore defendant sentence should be revised downward to reflect the 18-to-1 ration. Citing; United States v. Blewett, 6th Cir., No.12-5226

5/17/13.

7. So therefore I Jeremiah Thomas the defendant seek modification to the sentence I received after being convicted and sentenced under 21 U.S.C. section 846; Conspiracy to possess with the intent to distribute 50 grams or more of cocaine base (crack) and a quantity of cocaine hydrochloride — Count 1; and 21 U.S.C. Section 841(a)(1), 841(b)(1)(c), 18 U.S.C. Section 21 Possession with the intent to distribute a quantity of cocaine base (crack) — Count 25. I ask that my term of 240 months on Count 1 and 120 months on count 25, be reduced to the proper sentence.

Dated: 7-29-13

By: Jeremiah Thomas Pro Se
Jeremiah Thomas Pro SE
No. 00884-099
United States Penitentiary
P.O. Box 1000
Lewisburg, PA. 17837

## In Forma Pauperis Declaration

United States District Court for the
Eastern District of Louisiana

I certify that I am Indigent and unable to pay the cost of the Instant action and respectfully request to be allowed to proceed In forma Pauperis.

Jeremiah Thomas
Jeremiah Thomas #00884-099



Inmate Name: JeFringly Thomas
Register Number: 06084-095
United States Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

Clerk's Office
United States District Court
Eastern District of Louisiana
New Orleans, Louisiana 70130

Legal Mail

U.S. PENITENTIARY
P.O. BOX 1000
LEWISBURG, PA 17837
DATE JUL 30 2013

THE ENCLOSED LETTER WAS PROCESSED THROUGH SPECIAL MAILING PROCEDURES FOR FORWARDING TO YOU. THE LETTER HAS BEEN NEITHER OPENED NOR INSPECTED. IF THE WRITER RAISES A QUESTION OR PROBLEM OVER WHICH THIS FACILITY HAS JURIS-DICTION, YOU MAY WISH TO RETURN THE MATERIAL FOR FURTHER INFORMATION OR CLARIFICATION. IF THE WRITER ENCLOSES CORRESPONDENCE FOR FORWARDING TO ANOTHER ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO THE ABOVE ADDRESS.

Legal Mail