**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL DOCKET NO: 06-269** |
| **v.** | * | **SECTION: "I"** |
| **JEREMIAH THOMAS** | * | |

* * *

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO TITLE 18 U.S.C. § 3582**[1]

The United States of America, through the undersigned Assistant United States Attorney, hereby opposes Defendant Jeremiah Thomas's motion for reduction of sentence under Title 18 U.S.C. § 3582 (Rec. Doc. No. 447), for the following reasons:

1) This petition should be treated as a second and subsequent motion for post conviction relief that was filed pursuant to Title 28, United States Code, Section 2255 as part of defendant's claims are not cognizable under Title 18, United States Code, Section 3582.

2) Defendant is not entitled to relief pursuant to Title 18, United States Code, Section 3582 as the new laws pertaining to the distribution of cocaine base ("crack") were not applied retroactively to anyone who was sentenced before the enactment of the new statutes in 2010. Since the defendant was sentenced in 2007, these new laws will have no effect on his sentence.

[1] Defendant filed a motion to reduce sentence pursuant to Title 18, United States Code, Section 3582 on August 2, 2013. See record document # 447.

## I. PROCEDURAL HISTORY

On November 3, 2006, Thomas was charged, along with several other individuals, by way of a Superseding Indictment with five (5) counts of violating various narcotics and firearms offenses.[2] (Rec. Doc. No. 12). On November 13, 2006, Thomas pled not guilty to these charges. (Rec. Doc. No. 49). On April 9, 2007, the Government filed a Bill of Information to establish a prior conviction for Thomas, pursuant to Title 21, United States Code, Sections 841 and 851.[3] (Rec. Doc. No. 129). On April 10, 2007, Thomas entered a plea of guilty to Counts 1, 2, 25, 26, and 27 of the Superseding Indictment (Rec. Doc. No. 130) as part of a written plea agreement. (Rec. Doc. No. 133). Thomas also acknowledged and signed a lengthy factual basis which established his guilt beyond a reasonable doubt. (Rec. Doc. No. 135).

On September 28, 2007, the Court sentenced Thomas to total of 300 months. On Count 1 he was sentenced to serve 240 months in prison, which was the mandatory minimum based on the Title 21 United States Code, Section 851 enhancement. He was sentenced to serve 140 months as to Counts 2 and 25, and 120 months as to Count 27. All of these sentences were ordered to be served concurrently with each other. However, Thomas was also sentenced to

[2]Count 1 of the Superseding Indictment charged Thomas with conspiring to possess with the intent to distribute 50 grams or more of crack and cocaine hydrochloride, a quantity of heroin, and a quantity of marijuana. Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), 841(b)(1)(D). Count 2 charged Thomas with conspiring to use a firearm during and in relation to a drug trafficking crime. Title 18, United States Code, Section 924(o). Count 25 charged Thomas with a substantive count of possession with the intent to distribute crack cocaine. Title 21, United States Code, Section 841(a)(1). Count 26 charged Thomas with possessing two semi-automatic rifles in furtherance of a drug trafficking crime. Title 18, United States Code, Section 924(c). Count 27 charged Thomas with being a felon in possession of a firearm. Title 18, United States Code, Section 922(g)(1).

[3]The Bill of Information enhanced the mandatory minimum sentence from 120 months to 240 months pursuant to Title 21, United States Code, Sections 841(b)(1)(A) and 851. However, pursuant to 841(b)(1)(A), the maximum statutory sentence remained life imprisonment.

serve 60 months as to Count 26. This sentence was ordered to be served consecutively to these other sentences. (Rec. Doc. No. 290).

Thomas did not appeal his sentence or conviction. His conviction became final on October 8, 2007.

On October 1, 2008, this Court issued an order denying Thomas' motion for a reduction of sentence pursuant to Title 18, United States Code, Section 3582. (Rec. Doc. No. 370).

On April 9, 2012, Thomas filed a motion to vacate, set aside, or correct sentence, pursuant to Title 28, United States Code, Section 2255, alleging ineffective assistance of counsel. (Rec. Doc. No. 432). This motion was denied with prejudice by the district court on August 13, 2012. (Rec. Doc. No. 440 and 441).

On August 2, 2013, Thomas filed this current motion for reduction of his sentence pursuant to Title 18, United States Code, Section 3582. (Rec. Doc. No. 447).

## II. STATEMENT OF FACTS

On April 10, 2007, Thomas signed a ten page Factual Basis that went into extensive detail concerning both the operation of the conspiracy which he participated in, including any individual crimes he committed. (Rec. Doc. No. 135). The Government incorporates the signed and dated Factual Basis herein. The facts and events within the Factual Basis were stipulated to by Thomas at the time of his guilty plea and were acknowledged by signature by both Thomas and his attorney, Mr. Frank DeSalvo ("DeSalvo").

The record further indicates that the defendant verbally admitted his guilt, accompanied and advised by his attorney, DeSalvo, before the Court on April 10, 2007. At this time, the Court inquired of the defendant in accordance with all standard procedure and the Court was

satisfied that all constitutional obligations of fairness were met.

Also on April 10, 2007, Thomas entered into a plea agreement with the Government in which he stated in writing that he would, *inter alia*, (1) agree to plead guilty to Counts 1, 2, 25, 26, and 27 of the Superseding Indictment; (2) agree to a sentencing enhancement pursuant to Title, 21 United States Code, Section 851(a)(1); and (3) waive all rights to contest his conviction and/or his sentence in any collateral proceeding, unless the defendant could establish that ineffective assistance of counsel directly affected his waiver of appeal, challenge rights, or the guilty plea itself. (See Rec. Doc. No. 133). This written plea agreement also specifically spelled out the mandatory minimum sentences (240 months as to Count 1 and 60 consecutive months as to Count 26) and the maximum sentences (life) that Thomas faced as a consequence of his guilty plea.

## III. <u>ISSUES PRESENTED</u>

A. Thomas alleges that his mandatory minimum 60 month sentence for the firearm count (Count 26) should be reduced as it was ordered to be served consecutively to the mandatory minimum sentence of 240 months that he faced in connection with the drug conspiracy count (Count 1).

B. Thomas alleges that his sentence for the drug counts should be reduced in accordance with the new provisions of the Fair Sentencing Act (F.S.A.).

## IV. <u>LAW AND ARGUMENT</u>

A) Thomas's arguments to reduce the sentence that he received on the firearm counts, specifically Count 26, are not cognizable under Title 18, United States Code, Section 3582(c). Title 18, United States Code, Section 3582 only allows for the reduction of a sentence

in very limited circumstances. Pursuant to Section 3582(c)(2), the law specifically allows for a modification of a sentence, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to Title, 28 United States Code, Section 994(o), upon a motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in Section 3553(a) to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." The mandatory minimum consecutive sentences that apply to Title 18, United States Code, Section 924(c) violations have not been amended by either Congress or the Sentencing Commission. Therefore, Thomas' sentences for the firearms counts cannot be modified or reduced pursuant to this statute.

B) Thomas is not entitled to retroactive application of the FSA because he was sentenced before its enactment. As a result, his motion should be denied.

Thomas's motion is brought under Section 3582(c)(2), which allows a term of imprisonment to be modified because of a sentencing guideline range that has subsequently been lowered by the Sentencing Commission. However, because his guideline range was constrained by the pre-FSA statutory minimum in effect at the time of his sentencing, his sentence may not be lowered.

Both Supreme Court and Fifth Circuit precedent support denial of Thomas's motion. In *Dorsey v. United States*, 132 S.Ct. 2321 (2012), the Supreme Court addressed the application of the FSA's provisions. It ultimately held that the FSA's "new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." *Id.* at 2335. As Thomas was sentenced

before the FSA's enactment, *Dorsey's* language and holding does not apply to him.

Likewise, in *United States v. Kelly*, 2013 WL 1953646, ____ F.3d ____ (5th Cir. May 13, 2013), the Fifth Circuit addressed an issue concerning a defendant who had been sentenced pre-FSA to the penalties in effect at the time of his sentence. The defendant had filed a motion pursuant to Section 3582 seeking a reduction arguing that the Section 3582 modification hearing was a new sentencing entitling him to the benefit of *Dorsey's* ruling. *Id.* at *2. The Fifth Circuit disagreed, stating, "Nothing in *Dorsey* purports to change Supreme Court and Fifth Circuit precedent that Section 3582(c)(2) hearings are not plenary re-sentencing. . . . We thus join our sister circuits in declining to treat a Section 3582(c)(2) modification hearing as the equivalent of an original sentencing hearing under *Dorsey*." *Id.* The Fifth Circuit then affirmed the district court's decision to modify the defendant's original sentence to the pre-FSA statutory minimum of 120 months. *Id.* at 2-3. Under *Kelly*, Thomas's Section 3582(c)(2) motion does not constitute a new sentencing that would entitle him to relief under *Dorsey*. Thus, pursuant to Supreme Court and Fifth Circuit precedent, Thomas is not entitled to a sentencing reduction in this Section 3582 proceeding.[4]

Despite this precedent, and relying on the Sixth Circuit's recent opinion in *United States v. Blewett*, 2013 WL 2121945 (6th Cir. May 17, 2013), Thomas seeks Section 3582(c)(2) relief

---

[4] Additionally, "eight of the nine federal circuits to address the issue have held that the statutory provisions applicable when the defendant was originally sentenced—not the statutory provisions in the Fair Sentencing Act—apply in Section 3582(c)(2) proceedings." *See United States v. Reeves*, 2013 WL 3155945, at *3 (8th Cir. June 24, 2013) and cases cited therein.

based upon equal protection grounds. Rec. Doc. No. 447, paragraph 6.[5] He is not entitled to relief on this ground in this Section 3582(c)(2) proceeding.

Thomas's constitutional argument under *Blewett* may not be raised in this § 3582(c) proceeding. *See United States v. Baker*, 401 Fed.Appx. 990, 991 (5th Cir. 2010); *see also United States v. McCutcheon*, 368 Fed.Appx. 510, 511 (5th Cir. 2010) (challenge to the initial drug quantity determination and equal protection claim not cognizable in a Section 3582(c)(2) proceeding); *United States v. Williams*, ____ F.3d____, 2013 WL 2450746 (11th Cir. June 4, 2013) (equal protection challenge is extraneous resentencing issue that is not cognizable in a Section 3582(c)(2) motion). Such an argument would be more appropriately made in a petition under Title 28, United States Code, Section 2255. *See also Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005) ("Section 2255 provides the primary means of 'collaterally attacking a federal sentence,' and is the appropriate remedy for "errors that occurred at or prior to the sentencing.").[6] As Thomas's argument is not appropriate in this Section 3582 proceeding, his motion should be denied.

In any event, the Supreme Court has already determined that any disparities existing between defendants sentenced pre-FSA and defendants sentenced pursuant to the FSA are of

---

[5] In *Blewett*, the Sixth Circuit, in a two-to-one decision, held that Equal Protection principles embodied in the Fifth Amendment's Due Process clause required the FSA to be applied to those offenders sentenced before the FSA's enactment. 2013 WL 2121945 at *1. To date, no other circuit has followed *Blewett*, and the remaining eight "federal circuits to address the issue have held that the statutory provisions applicable when the defendant was originally sentenced—not the statutory provisions in the Fair Sentencing Act—apply in Section 3582(c)(2) proceedings." *See United States v. Reeves*, 2013 WL 3155945, at *3 (8th Cir. June 24, 2013), and cases cited therein.[5] Additionally, the United States has petitioned for rehearing en banc in *Blewett* and the Sixth Circuit has vacated this decision.

[6] Under this provision, a prisoner in custody may move to vacate, set aside, or correct a sentence imposed in violation of the Constitution or laws of the United States, imposed in excess of a statutory maximum, or otherwise subject to collateral attack. 28 United States Code, Section 2255(a).

little importance. *See Dorsey*, 132 S.Ct. at 2335. In deciding that the FSA applied only to post-FSA sentencings, the Supreme Court stated:

> We also recognize that application of the new minimums to pre-Act offenders sentenced after August 3 will create a new set of disparities. But those disparities, reflecting a line-drawing effort, will exist whenever Congress enacts a new law changing sentences (unless Congress intends re-opening sentencing proceedings concluded prior to a new law's effective date). We have explained how in federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced. And we have explained how, here, continued application of the old 1986 Drug Act minimums to those pre-Act offenders sentenced after August 3 would make matters worse. We consequently conclude that this particular new disparity (between those pre-Act offenders already sentenced and those not yet sentenced as of August 3) **cannot make a critical difference**.

*Dorsey*, 132 S. Ct. at 2335 (emphasis added) (internal citations omitted). Thus, any disparity that may exist does not support Thomas's argument for purposes of his instant Section 3582(c)(2) motion.[7]

[7] The government reserves its right to address future equal protection arguments more fully in future proceedings.

## V. CONCLUSION

Thomas' motion for a reduction of his sentence should be denied. The sentences that he is serving for the violations of Title 18, United States Code, Section 924(c) have not been modified or reduced by either Congress or the Sentencing Commission. Therefore his motion for relief pursuant to Title 18, United States Code, Section 3582 is not appropriate.

Furthermore, his request for reduction of his sentences that he is serving for the drug violations should also be denied as he was sentenced before the FSA went into effect and because the courts have held that its provisions do not apply retroactively to defendants who were sentenced prior to its enactment.

Respectfully submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY

s/ Maurice E. Landrieu
MAURICE E. LANDRIEU (#22104)
Assistant United States Attorney
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone No. (504) 680-3015
maurice.landrieu@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2013, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following participants: Inmate Jeremiah Thomas (#00884-099), United States Penitentiary, P.O. Box 1000, Lewisburg, PA. 17837.

s/ Maurice E. Landrieu
MAURICE E. LANDRIEU
Assistant United States Attorney