UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                            CRIMINAL ACTION

VERSUS                                                                          No. 06-269

JEREMIAH THOMAS                                                         SECTION I

## ORDER AND REASONS

Before the Court is a motion[1] to reduce sentence pursuant to 18 U.S.C. § 3582(c) by defendant, Jeremiah Thomas, to which the United States of America has filed an opposition.[2] Defendant was charged with eight other individuals in a 31-count superseding indictment,[3] to which he eventually pled guilty to five narcotics and firearms offenses (counts 1, 2, 25, 26, and 27 of the superseding indictment) pursuant to a plea agreement.[4]

Count 1 charged that defendant knowingly and intentionally conspired to distribute and possess with the intent to distribute 50 grams or more of cocaine base ("crack"), a quantity of cocaine hydrochloride, and a quantity of heroin and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 841(b)(1)(D), and 846.[5] The factual basis that was signed by defendant pursuant to the plea agreement stipulated for sentencing purposes that defendant was responsible for offenses related to "at least 50 grams but not more than 150 grams of cocaine base."[6] Count 2 charged that defendant knowingly and intentionally conspired to use, carry, and possess firearms in furtherance of a drug trafficking crime (that is, the conspiracy described in

---

[1] R. Doc. No. 447.
[2] R. Doc. No. 449.
[3] R. Doc. No. 12.
[4] R. Doc. No. 133.
[5] R. Doc. No. 12, at 2.
[6] R. Doc. No. 135, at 9.

count 1), in violation of 18 U.S.C. § 924(o).[7] Count 25 charged that defendant knowingly and intentionally possessed with the intent to distribute a quantity of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).[8] Count 26 charged that defendant knowingly possessed two firearms, a rifle and a semi-automatic rifle, in furtherance of a drug trafficking crime (that is, the violation of 21 U.S.C. § 841(a)(1) as described in count 25), in violation of 18 U.S.C. § 924(c)(1)(A).[9] Finally, count 27 charged that defendant was a convicted felon in possession of a firearm (the weapons described in count 26), in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[10] The government filed a superseding bill of information, in compliance with 18 U.S.C. § 851(a), charging that defendant was previously convicted of attempted distribution of ecstasy in violation of Louisiana state law.[11]

On September 27, 2007, defendant was sentenced to concurrent terms of imprisonment of 240 months as to count 1, 140 months as to counts 2 and 25, and 120 months as to count 27.[12] Defendant was also sentenced to a term of imprisonment of 60 months as to count 26, to be served consecutively.[13]

Although the precise legal grounds of defendant's *pro se* motion are difficult to discern, the Court construes the motion as making two primary arguments.[14] First, defendant contends

---

[7] R. Doc. No. 12, at 2-3.
[8] *Id.* at 10-11.
[9] *Id.* at 11.
[10] *Id.*
[11] R. Doc. No. 129.
[12] R. Doc. No. 290, at 2.
[13] *Id.*
[14] The motion also contains some reference to changed sentencing guidelines for the § 924(c) offense. Section 3582(c)(2) permits a sentence reduction only where the guideline range "has subsequently been lowered by the Sentencing Commission." Since defendant was sentenced in 2007, the sentencing guidelines applicable to § 924(c) offenses have not changed with respect to the five year consecutive sentence. *See* U.S. Sentencing Guidelines Manual § 2K2.4 & app. C

that the five year sentence as to count 26 should run concurrently instead of consecutively.[15] Citing *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008), and *United States v. Almany*, 598 F.3d 238 (6th Cir. 2010), defendant argues that he is entitled to the reduction pursuant to § 924(c)(1)(A)'s "except" clause, which provides that the statutory minimum sentence must run concurrently "except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law." 18 U.S.C. § 924(c)(1)(A). However, the Fifth Circuit has explicitly rejected defendant's argument, reasoning that even though the language of this exception "is not a model of clarity, . . . § 924(c)(1)(A) does not permit a sentence below five years for that offense" in these circumstances. *United States v. Collins*, 205 F. App'x 196, 198 (5th Cir. 2006), *adopted by United States v. London*, 568 F.3d 553, 564 (5th Cir. 2009). Furthermore, the United States Supreme Court affirmed and approved the Fifth Circuit's interpretation of § 924(c) in *Abbott v. United States*, 131 S. Ct. 18, 23-24 (2010) (citing *London*, 568 F.3d at 564). *Abbott* cited and overruled *Almany*, the Sixth Circuit case cited by defendant. *Abbott*, 131 S. Ct. at 24. The Second Circuit has recognized that *Whitley*, the other case cited by defendant, was also rejected by *Abbott*. *See, e.g.*, *United States v. Tejada*, 631 F.3d 614, 616 (2d Cir. 2011). Accordingly, defendant is not entitled to have his sentence as to count 26 run concurrently with his other terms of imprisonment.

Second, defendant argues that the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220,[16] should be retroactively applied to him based on Equal Protection grounds in light of *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013).[17] However, the decision in *Blewett* has

---

amends. 748, 750, 760. Accordingly, even if there were no statutory minimum sentences associated with count 26, § 3582(c) relief would be unavailable.
[15] R. Doc. No. 447, ¶¶ 2-5.
[16] The FSA was approved on August 3, 2010, nearly three years after defendant was sentenced.
[17] *Id.* ¶ 6.

been vacated by the Sixth Circuit pending an en banc rehearing. *See* Order, *United States v. Blewett*, No. 12-5226 (6th Cir. July 11, 2013). Moreover, defendant "may not raise an equal protection challenge to his sentence in a § 3582(c) proceeding." *United States v. Baker*, 401 F. App'x 990, 991 (5th Cir. 2010) (citing *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995)). Finally, even if defendant *was* permitted to raise this challenge, the Fifth Circuit has "'rejected the . . . retroactive application of the FSA's mandatory minimums to those [defendants] sentenced before the Act's passage.'" *United States v. Kelly*, 716 F.3d 180, 181 (5th Cir. 2013) (quoting *United States v. Augustine*, 712 F.3d 1290, 1295 (9th Cir. 2013)). Accordingly, defendant's Equal Protection argument does not entitle him to a sentence reduction.

For the above reasons,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, September 9, 2013.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**